UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,           :       **NOTICE OF MOTION**

      v.                               :       S1 08 Cr. 170 (LTS)

BRANSON GREEN,                      :

                Defendant.     :

------------------------------------x

    **PLEASE TAKE NOTICE**, that upon the annexed declarations of **Branson Green** and **Jennifer L. Brown, Esq.**,, the undersigned will move this Court, before the Honorable Laura T. Swain, United States District Judge for the Southern District of New York, at a time to be designated by the Court, for an order suppressing statements and physical evidence obtained on or about January 25, 2008 as well as any fruits of Mr. Green's seizure or in the alternative, granting a hearing on this matter, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, and granting such other and further relief as this Court deems just and proper.

Dated:   New York, New York
        April 3, 2008

                                            Respectfully submitted,
                                            **LEONARD F. JOY, ESQ.**
                                            Federal Defenders of New York

                    By:   _____
                                            Jennifer L. Brown, ESQ.
                                            Attorney for Defendant
                                               **Branson Green**
                                            Tel.:  (212) 417-8722

TO: **Michael J. Garcia, ESQ.**
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: **Telemachus Kasulis, ESQ.**
      Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA            :

       - v -                          :

**Branson Green,**                  :

           Defendant.          :

------------------------------------X

**AFFIRMATION**

S1 08 Cr. 170 (LTS)

    **JENNIFER L. BROWN, Esq.**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

    1.  I am a staff attorney with the Federal Defenders of New York and trial counsel to the defendant BRANSON GREEN. I make this affirmation in support of Mr. Green's motion to suppress physical evidence seized from him on or about January 25, 2008 and any post-arrests statements elicited from him. All statements herein are based on information and belief, unless otherwise indicated.

    2.  Mr. Green is charged by indictment with one count of possession of a firearm.

    3.  On January 25, 2008, Mr. Green was walking with his cousin in the area of Westchester Avenue in the Bronx. According to the complaint filed by the government, a police officer, while driving in an unmarked car, noticed the handle of a firearm "sticking out of the pocket of GREEN's jeans." See Criminal Complaint, Exhibit A at ¶2(c). The police allege that "when

Green observed PO-1 watching" he "adjusted his jacket to cover his jeans pocket." Complaint, ¶2(d). Mr. Green was then stopped and searched by police, who seized a firearm from the "pocket of Mr. Green's jeans." ¶2(g).

4. Mr. Green denies that a gun was visible at any time prior to his arrest by police on January 25, 2008. <u>See</u> Affidavit of Branson Green, ¶3. He maintains that he was not doing anything to arouse the suspicion of the police. <u>Id</u>. Rather, he was merely walking on the sidewalk when he was stopped and searched without probable cause or reasonable suspicion. <u>Id.</u>

5. The police did not obtain a warrant before stopping and searching Mr. Green. They did not request nor did they obtain Mr. Green's consent before searching him. Because no firearm was visible to the police at any time prior to searching Mr. Green and Mr. Green had done nothing to arouse the suspicion of the police, the stop and search of Mr. Green were done without probable cause or reasonable suspicion. The stop and search of Mr. Green by police was therefore illegal because it was conducted in violation of his Mr. Green's Fourth Amendment rights.

6. After Mr. Green was arrested, according to discovery provided by the Government, he made a written statement while in custody to law enforcement officials. He later made a videotaped statement to a district attorney in the Bronx, while in custody. These statements obtained while Mr. Green was in

police custody are tainted by the illegality of his stop and search by the police.

7. Because the police officers stopped and searched Mr. Green in violation of the Fourth Amendment, all physical evidence and statements subsequently obtained must be suppressed. Dunaway v. New York, 442 U.S. 200 (1979); Brown v. Illinois, 422 U.S. 590 (1975).

**WHEREFORE**, it is respectfully requested that the Court issue an ORDER suppressing the physical evidence and statements obtained from Mr. Green in violation of his constitutional rights; or in the alternative that the Court set a hearing on this motion pursuant to Federal Rules of Criminal Procedure 12 and 41.

Dated: New York, New York
       April 3, 2008

_____
JENNIFER L. BROWN, ESQ.

08 MAG 0307

Approved: _____
          TELEMACHUS P. KASULIS
          Assistant United States Attorney

Before:   HONORABLE GARBRIEL W. GORENSTEIN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - X
                              :   SEALED COMPLAINT
UNITED STATES OF AMERICA      :
                              :   Violation of 18 U.S.C.
    - v. -                    :   § 922(g)(1)
                              :
BRANSON GREEN,                :   COUNTY OF OFFENSE:
                              :   BRONX
          Defendant.          :
                              :
- - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    CHRISTOPHER SHAUGHNESSY, being duly sworn, deposes and says that he is a Detective with the New York Police Department and charges as follows:

COUNT ONE

    On or about January 25, 2008, in the Southern District of New York, BRANSON GREEN, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about December 23, 2005, in New York Supreme Court, New York County, for criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law Section 220.31, a Class D felony, did possess, in and affecting commerce, a firearm, to wit, a Smith & Wesson nine millimeter revolver, which had been shipped and transported in interstate commerce.

    (Title 18, United States Code, Section 922(g)(1).)

    The bases for my knowledge and the foregoing charge are, in part, as follows:

    1.   I am a detective with the New York City Police Department ("NYPD"), and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law-enforcement agents and others and my examination of reports and records. Because this affidavit is

        (j) At the police station, GREEN stated that Individual-1 "had nothing to do with this."

        3. On January 25, 2008, I interviewed BRANSON GREEN, the defendant. After being read his <u>Miranda</u> rights, GREEN gave an oral statement, which I wrote down. GREEN then reviewed the statement and signed it. In his statement, GREEN stated that he had taken the firearm from a kid and had intended to sell it for $350.

        4. From my conversation with an Assistant District Attorney in the Bronx District Attorney's Office, I know that BRANSON GREEN, the defendant, later stated that he had only made and signed the January 25, 2008 statement because he had believed that cooperating with law enforcement would prevent a federal prosecution for firearm possession.

        5. From my conversation with a Special Agent in the Bureau of Alcohol, Tobacco, Firearms, and Explosives, I know that nine millimeter Smith & Wesson revolvers are not now, and never have been, manufactured in the state of New York.

        WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of BRANSON GREEN, the defendant, and that he be imprisoned, or bailed, as the case may be.

CHRISTOPHER SHAUGHNESSY
Detective
New York City Police Department


Sworn to before me this
15th day of February, 2008

HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA           :

      v.                             :           08 Cr. 170 (LTS)

**BRANSON GREEN**                      :

                                                     :

          Defendant.             :
------------------------------------x

## AFFIRMATION OF BRANSON GREEN
## IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE AND
## POST-ARREST STATEMENTS

    **BRANSON GREEN** declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

    1. I am the defendant in this criminal case and I make this affirmation in support of a motion pursuant to Federal Rules of Criminal Procedure 12 and 41 to suppress physical evidence and post-arrest statements obtained by law enforcement authorities in violation of my constitutional rights. Since the purpose of this affirmation is to show that my constitutional rights were violated, my attorney has advised me that it is not necessary to include every detail of the incidents described below, and I have not done so.

    2. On January 25, 2008, around 6:00 p.m., I was stopped and searched by police officers as I was walking on the sidewalk on

Westchester Avenue in the Bronx.

3. Prior to being searched by the police, I had not done anything to arouse the suspicion of the police or lead them to suspect that I had committed any crime. I had merely been walking with my cousin. Police did not ask my consent prior to searching me, nor did I give my consent. I was wearing jeans and a coat covering my jeans pocket. No firearm was visible to the police prior to searching me. After the search, police seized a firearm, and I was arrested.

4. After arriving at the police station, I was questioned by authorities, and I made statements about the firearm. I later made additional statements which were videotaped by the prosecutor.

5. Based on my conversations with my lawyer, I believe my rights under the United States Constitution were violated.

**WHEREFORE**, it is respectfully requested that this Court enter an order suppressing the physical evidence and statements.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated:   New York, New York
         ~~April~~ , 2008
         MARCH 26

                                          _____
                                          **Branson Green**