```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-3-2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                No. 08 CR 170-LTS

BRANSON GREEN,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Defendant Branson Green was convicted, upon a plea of guilty, of one count of unlawful transportation of firearms in violation of 18 U.S.C. § 922(g), and was sentenced principally to a term of 70 months' imprisonment followed by 36 months' supervised release. (Docket entry no. 18.) After completing his incarceratory sentence and while on supervised release, Green violated the terms of his supervision. Upon Green's admission of certain specifications of violation, the Court revoked Green's supervised release and sentenced him to 366 days' reimprisonment to be followed by 12 months' supervised release. (Docket entry no. 22.) Green has now completed his reimprisonment term and is serving the reimposed term of supervised release.

Before the Court is a Request for Court Action from the Probation Department of this District, which has been filed under seal because it contains sensitive material relating to the Defendant. In substance, the Request recommends that Green's supervised release be terminated immediately because Green's 366-day term of reimprisonment should be credited towards his 12-month (365-day) term of supervised release under 18 U.S.C. section 3583(h). For the reasons that follow, the Court declines to adopt the recommendation and does not modify or terminate Green's term of supervised release.

18 U.S.C. section 3583(h) provides that a defendant whose supervised release is

revoked may be sentenced to both reimprisonment and a further term of supervised release. The statute further provides that the "length of a such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Id.

The Second Circuit recently examined Section 3583(h) in the context of defendants with multiple supervised release revocations and reimprisonments. U.S. v. Rodriguez, 775 F.3d 553 (2d Cir. 2014). In Rodriguez, the Second Circuit held that the word "any" in the statute referred to the "aggregate [of] the various post-revocation prison sentences" a defendant received. Id. at 536. Applying this principle, the Second Circuit held that Rodriguez was subject to a maximum term of supervised release computed by starting with the original maximum statutory period for his underlying offense of three years (1095 days). Pursuant to Section 3583(h), this statutory maximum term "must be reduced" by the aggregate total length of Rodriguez's prior terms of reimprisonment, which was two years and 128 days (858 days). As a result, "the maximum term of supervised release that the District Court could impose on Rodriguez in connection with his most recent [supervised release] violation [was] 237 days" (the statutorily authorized maximum of 1095, minus 858 days of imprisonment). Id. at 537.[1] The Second Circuit found that the district court had committed plain error in imposing a one year (i.e., 365 day) term of supervised release in sanctioning the violation of Rodriguez's prior supervised release, because that term exceeded "the supervised release term still

---

[1] In discussing its application of the aggregate rule to Rodriguez's case, the Second Circuit twice refers to "the maximum term of supervised release" and once, in between those two references, refers to "his term of supervised release" as the term subject to reduction under Section 3583(h). Rodriguez, 775 F.3d at 537 (emphasis added). Given the conclusion reached by the Second Circuit in Rodriguez, as explained below, each of these sentences must be read to refer to the reduction of the maximum statutory term of supervised release.

available under the statutory maximum" (i.e., 237 days), and remanded the case for reduction of the supervised release term to the available 237 days. Id.

Section 3583(h), as elucidated by Rodriguez, reduces the maximum allowable term of supervised release that can be imposed after an individual has served a time of imprisonment after revocation of supervised release. Where less than the available maximum remaining term of supervised release has been imposed to follow a sentence of reimprisonment, the statute does not require that the follow-on term of supervised release be further reduced to reflect the term of reimprisonment unless the Court has imposed a supervised release term that exceeds the available remainder of the statutorily authorized maximum term.

In Green's case, which involved his first, and thus far only, supervised release violation, the maximum statutorily authorized term of supervised release was three years. The Court sentenced Green to one year and one day of reimprisonment. The maximum supervised release term that could have been imposed to follow that custodial term was therefore two years minus one day (i.e., the statutory maximum of three years less the custodial term of one year and one day). The Court imposed a one-year term of supervised release to follow the reimprisonment term. The supervised release component of the violation sentence was therefore within the parameters authorized by Section 3583(h) and must be served.

The reading of the statute outlined in the January 20, 2016, Request for Court Action would reduce the term of supervised release to be served after a sentence of reimprisonment on revocation of supervised release by the length of the term of reimprisonment. The Request therefore proposes that Green's 365 day term of supervised release be reduced by 366 days (the length of his term of reimprisonment), rendering him effectively subject to no term of supervised release. This reading cannot be squared with the outcome in Rodriguez. Rodriguez received a sentence on his supervised release violation of two years followed by one year of supervised release. If the

interpretation outlined in the Request had been applied, the Rodriguez Court would have required the district court to eliminate the term of supervised release entirely, because the two years' imprisonment would have been credited towards the one year term of supervised release. The Rodriguez Court's remand of Rodriguez's case for the reduction of his term of supervised release by 128 days (i.e., from 365 days down to the 237 days that was the maximum allowable term) comports with a reading of Section 3583(h) that applies the reduction to the statutory maximum term of supervised release rather than to the imposed term of supervised release.

For the foregoing reasons, the Court declines to modify or terminate Green's term of supervised release.

SO ORDERED.

Dated: New York, New York
February 3, 2016

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
United States District Judge